# NORFOLK & W. R. CO.

*v.*

## LINDAMOOD'S ADM'R.

(*Supreme Court of Appeals of Virginia, March 24, 1892.*)

[14 S. E. Rep. 694.]

**Injury by Negligence of Fellow Servants—Liability of the Company —Case at Bar.**

Locomotive engineers on the same road are fellow servants, and where one is killed in a collision occasioned by the negligence of another in disobeying the train dispatcher's orders, and by his own negligence in running at a speed forbidden by the rules of the company, there can be no recovery. Railroad Co. *v.* Donnelly's Adm'r (Va.), 14 S. E. Rep. 692, followed.

This was an action of trespass on the case brought by D. C. Lindamood's administrator against the Norfolk & Western Railroad Company for the negligent killing of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Reversed.

*T. J. Kirkpatrick* and *S. Griffin*, for plaintiff in error.

*F. S. Blair*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Giles county, rendered on the 17th day of May, 1890, in an action at law therein pending, wherein D. C. Lindamood's administrator is plaintiff, and the Norfolk & Western Railroad Company is defendant. The suit is an action of trespass on the case in the circuit court of Giles county, for the

recovery of $10,000 damages for the alleged careless and negligent killing, by the Norfolk & Western Railroad Company, its agents, servants, and employees, of the appellee's intestate, D. C. Lindamood, on the 10th day of February, 1889. On the 17th day of May, 1889, in the said action in the said court, a jury rendered a verdict in favor of the said plaintiff for $7,500 against the defendant company, upon which said verdict the said circuit court entered judgment accordingly. It appears from the record that D. C. Lindamood, the plaintiff's intestate, was the engineer on one of the defendant company's engines that was driving the train of empty freight cars moving westward, in the county of Giles, between Ripplemead and Pearisburg stations, upon the said Norfolk & Western Railroad. C. S. Lucas was the conductor upon this train, designated "extra 20," and running by and under telegraphic orders. At the same time another train, loaded with coal, and designated "3, No. 66, engine 156," was moving eastward, in the said county, on the track of the said defendant's road, on which train Moxley was conductor and Sclater was engineer, running under and by the telegraphic orders of the same train dispatcher of the said company. On the 10th day of February, 1889, a telegraphic order was issued by the train dispatcher of the said company, directing that extra 20, going west, should meet and pass extra 165 and third No. 66, engine 156, going east, at Shumate, a switch or siding about two miles west of Pearisburg station ; and by the terms of the said order, on its face, and by the regulation of the company, the conductor and the engineer of each train were to have copies of the said order. The order was all right, and it was duly received and receipted for by the said conductors and engineers of the said trains respectively, whose duty it was to obey it. Moxley, the conductor, and Sclater, the engineer, on train third 66, engine 156, each received the said order, but overlooked or disregarded it ;

and did not wait at Shumate until extra 20, going west, had reached there, but left before extra 20 reached there, and collided with it near Pearisburg station, at 7 o'clock a. m., February 10, 1889, and D. C. Lindamood, engineer on extra 20, was killed in the collision.

The record shows that, at the time of the said collision, Lindamood was running his train, in violation of the rules of the company, at more than 35 miles an hour, when the maximum rate allowed by the rules was 18 miles an hour ; and that he had the window of his cab shut, and he was lying upon his side, instead of being on the lookout, and that he did not have his engine under his control, as the regulations require, upon the approach to a station. The rules of the company, and the other testimony in the record, show that the conductor and engineer on each of the said trains were equally and severally responsible for the safe conduct of their train ; and that the conductor and engineer in charge of one train had no authority or direction over the conductor and engineer on the other train ; that each of them operated his respective train under orders of the train dispatcher ; that they were all in the same department of the service of the company,—the transportation and traffic department ; in its pay and employ as servants having a common master, with no subordination or authority *inter sese*, and running trains at the same time, on the same part of the defendant's road. There is no contention that the company was guilty of any negligence in the condition of the road, in the confusion of its orders, or in the omission of any incumbent duty or obligation to its employees ; nor does the declaration allege negligence or want of care, either in selecting or retaining in its employ incompetent or unskillful servants, but it only sets forth and charges that the killing of the plaintiff's intestate, the engineer, D. C. Lindamood, on the train extra 20, was caused by the negligence, default, and unlawful act of the company's other

servants, the engineer Sclater and the. conductor Moxley upon the colliding train, third No. 66, engine 156; which negligence and default the declaration imputes to the company, and for which it charges that the company is liable in damages. There was a demurrer to the declaration, which the court overruled; and there was a motion to set aside the verdict, and grant a new trial, upon the ground that the verdict was contrary to the law and the evidence, which motion the court overruled.

The facts of this case show that the plaintiff's intestate, the engineer D. C. Lindamood, upon train extra 20, was a fellow-servant of the conductor and engineer on the train third 66, engine 156, which collided with the train extra 20, and caused the death of the said engineer D. C. Lindamood; and that his death was caused by the misunderstanding, neglect, or disobedience of his fellow-servants, the engineer Sclater and the conductor Moxley,—one or both,—upon the train 3d No. 66, engine 156; and that the said D. C. Lindamood was guilty of contributory negligence in bringing about his own death. He took upon himself, by his contract of service, the ordinary risks incident to that service; and the negligent act or fault of his fellow-servants is not imputable to the common master or employer, but is one of the risks incident to the service and assumed by his contract. The injured servant, Lindamood, was not subordinate to the negligent servant, Sclater, whose neglect or disobedience of orders caused the collision, nor was he in any way subject to his direction or control. They were fellow-servants, engaged in the same specific duty, on the same track, at the same time ; the one being no more charged with discretionary exercise of power and duty of the common master than the other. They were not in the relation, the one to the other, of superior servant. See the following authorities : 3 Wood, Ry. Law, §§ 370, 388, 392; Id. p. 1495 ; Wood, Mast. & S. § 438 ; Moon's Adm'r v. Railroad Co., 78 Va. 745 ; Railroad

Co. v. McKenzie, 81 Va. 71 ; Farwell v. Railroad Corp., 38 Amer. Dec. 339 ; Darrigan v. Railroad Co., 52 Amer. Rep. 590 ; Abend v. Railroad Co., 53 Amer. Rep. 616 ; Brown v. Maxwell, 41 Amer. Dec. 771 ; Pierce, R. R. 364 ; Randall v. Railroad Co., 109 U. S. 478, 3 Sup. Ct. Rep. 322 ; Steam-Ship Co. v. Merchant, 133 U. S. 375, 10 Sup. Ct. Rep. 397 ; Railroad Co. v. Murphy, 5 Amer. Rep. 48 ; Gilman v. Railroad Corp., 87 Amer. Dec. 635.

This case is nearly identical, in the facts and relations of the injured and the negligent fellow-servants, with the case of Railroad Co. v. Donnelly's Adm'r, 14 S. E. Rep. 692 (just decided by this court, and not yet officially reported). Upon the foregoing authorities, we are of opinion that the engineer Lindamood, on the train extra 20, was the fellow-servant of the conductor Moxley and the engineer Sclater on the train third No. 66, engine 156, when they collided, February 10, 1889, upon the track of the defendant company, without the fault or negligence of the said company ; and that the verdict of the jury is against the law and the evidence in the case ; and the judgment of the circuit court of Giles county complained of is wholly erroneous, both upon the facts and the law, and the same is reversed and annulled.